12/11, 20 19

BCL

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

IN RE FLOWERS FOODS, INC. SECURITIES LITIGATION

Case No. 7:16-CV-00222 (WLS)

Honorable W. Louis Sands

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re Flowers Foods, Inc. Securities Litigation*, Case No. 7:16-cv-00222-WLS (the "Action");

WHEREAS, (a) Lead Plaintiff Walter Matthews and plaintiff Chris B. Hendley ("Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendant Flowers Foods, Inc., ("Flowers Foods"), and the individual defendants George E. Deese, Allen L. Shiver, R. Steve Kinsey, and Karyl H. Lauder (collectively, the "Individual Defendants," and with Flowers Foods, collectively, "Defendants," and together with Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 12, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated August 7, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on December 11, 2019 (the "Settlement

Hearing"), to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on July 12, 2019; and (b) the Notice and the Summary Notice, both of which were filed with the Court on July 12, 2019.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired Flowers Foods common stock during the period from February 7, 2013 through August 10, 2016, inclusive (the "Settlement Class Period"), and who were damaged thereby. Excluded from the Settlement Class are (1) Defendants; (2) members of the Immediate Family of each of the Individual Defendants; (3) any person who was an Officer or director of Flowers Foods during the Settlement Class Period; (4) any firm or entity in which any Defendant has or had a controlling interest during the Settlement Class Period; (5) any person who participated in the wrongdoing alleged; (6) Defendants' director and officer liability insurance carriers, including, but not limited to, the D&O Insurers; (7) any affiliates, parents, or subsidiaries of Flowers Foods; (8) all Flowers Foods' plans that are covered by the Employee Retirement Income Security Act of 1974 ("ERISA"); and (9) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded party or entity, in their respective capacity as such. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The

Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendant Releasees, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(r) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiff Releasees, and shall forever be barred, enjoined, and estopped from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or the Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither the Judgment, the Term Sheet, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (A) the truth of any fact alleged by Plaintiffs; (B) the validity of any claim that was or could have been asserted; (C) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (D) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees (A) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (B) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of the Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of the Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with the Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of May 9, 2019, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this **11th** day of **December**, 2019.

_____
The Honorable W. Louis Sands
Senior United States District Judge

## Exhibit 1

### List of Persons and Entities Excluded from the Settlement Class Pursuant to Request

1. Curtis and Doris Mayer
2. Kenneth and Maria Condran
3. Richard and Pauline Elwell
4. Sherri Forrester
5. Louis Kaplan
6. Merle A. Faris
7. Susan Coulter
8. William J. Krizsan
9. Gary Burchett
10. Chester S. Cyran