# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| In Re Flowers Foods, Inc. Securities Litigation | Case No. 7:16-CV-00222-WLS<br><br>CLASS ACTION |

## CLASS DISTRIBUTION ORDER

Having considered all materials and arguments submitted in support of Plaintiffs' Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Eric A. Nordskog in Support of Plaintiffs' Unopposed Motion for Class Distribution Order (the "Nordskog Declaration"), and the Declaration of Cheri Meyer in Support of Plaintiffs' Unopposed Motion for Class Distribution Order,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 12, 2019 (ECF. No. 140-3) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Nordskog Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. As set forth in the Nordskog Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits D and E of the Nordskog Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit F of the Nordskog Declaration are approved.

4. As set forth in the Nordskog Declaration, no new Claims or responses to deficiency and/or rejection letters received after May 31, 2021 may be included in the distribution.

5. The Court authorizes payment of $29,953.88 from the Settlement Fund to the Claims Administrator for the balance of the fees and expenses incurred and to be incurred in connection with the claims administration process, as described in the Nordskog Declaration.

6. The Distribution Plan for the Net Settlement Fund as set forth in the Nordskog Declaration and accompanying exhibits is approved. Nordskog Declaration, ¶40. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY; VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Nordskog Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the

deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8.  At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the funds will be donated to Investor Protection Trust, a non-sectarian, not-for-profit organization devoted to investor education.

9.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against (i) the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund or (ii) Defendants or Defendants' Counsel, beyond the amounts allocated to them pursuant to this Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

10. The Claims Administrator is authorized to destroy: (a) paper or hard copies of the Claims and all supporting documentation one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two years after the Initial Distribution; and (b) electronic copies of the Claims and all supporting documentation one year after all funds have been distributed.

SO ORDERED in the Middle District of Georgia on August 30, 2021.

_____
The Honorable W. Louis Sands
United States District Judge